NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CALVIN TAYLOR STEVENS, | |
| Plaintiff, | Civil Case No. 24-5685 (RK) (JBD) |
| v. | **MEMORANDUM ORDER** |
| HAMILTON TOWNSHIP, *et al.*, | |
| Defendants. | |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon *pro se* Plaintiff Calvin Taylor Stevens's ("Stevens" or "Plaintiff") Motion to Remove State Court Proceeding Under 28 U.S.C. § 1455(b)(1) (ECF No. 4, "Motion") and the Court's *sua sponte* screening of the Application to Proceed *in forma pauperis* (ECF No. 1-2) and the Complaint (ECF No. 1) under 28 U.S.C. § 1915. Having considered Stevens' Motion and performed its screening function under § 1915, the Court resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's Motion is **DENIED**, Plaintiff's Complaint is **DISMISSED** pursuant to § 1915(g)'s three-strike provision, and Plaintiff's Application to Proceed *in forma pauperis* is **DENIED** as moot.[1]

**I.      Background**

Incarcerated *pro se* Plaintiff commenced this matter by filing a 41-page, largely handwritten Complaint, as well as an Application to Proceed *in forma pauperis*.[2] (ECF No. 1.) The

---

[1] Plaintiff's Motion to Add Defendants (ECF No. 6) is also DENIED as moot.

[2] This is the twelfth case Plaintiff has brought in the District of New Jersey since 2015. *See Stevens v. the State of New Jersey*, Case No. 24-7746 (pending); *Stevens v. Ellis*, Case No. 24-6291, ECF No. 11

Complaint is alleged against numerous Defendants[3], (*see* ECF No. 1 at 8–13) and Plaintiff has a pending Motion to add two additional Defendants (ECF No. 6), including the Attorney General of New Jersey. Plaintiff lists ten to seventeen different causes of actions for each Defendant and proposed Defendant. (*See id.* at 8–13; ECF No. 6-1 at 1–3.) Causes of actions include "deprivation of procedural and substantive due process of law," "deprivation of due process of law under the fifth and 14th Amendment," "breach of legal duty," "intentional abuse of law," "abuse of the legal process," and other similarly styled causes of actions. (*See* ECF No. 1 at 8–13.) The handwritten complaint is, charitably, difficult to discern. Stevens appears to take issue with how certain state court criminal prosecutions against him were handled by certain individuals, including police officers and judges. Stevens is particularly concerned with the calculation of "good time and working time" credits that he claims to have been deprived of. (*See* ECF No. 1 at 40.)

Nearly two months after the commencement of this action, Plaintiff filed the operative Motion under 28 U.S.C. § 1455(b)(1). (ECF No. 4.) In the Motion, Plaintiff notes he "is sovereign by birth" and "sovereignty itself is, of course not subject to law, for it is the author and source of law." (ECF No. 4-2 at 4–5.) Plaintiff signs the Motion "Calvin Stevens, without prejudice UCC 1-

---

(pending); *Stevens v. N.J. Motor Vehicle Commission*, Case No. 24-6289, ECF No. 3 (dismissing for failure to comply with Federal Rule of Civil Procedure 8); *Stevens v. the New Brunswick Police Dept.*, Case No. 24-6290 (pending); *Stevens v. Mercer Cnty. Corr. Ctr.*, Case No. 22-1306, ECF No. 15 (dismissing for failure to state a claim); *Stevens v. Moglia*, Case No. 18-11622, ECF No. 3 (dismissing for failure to state a claim); *Stevens v. Div. of Child Prot. and Permanency*, Case No. 18-9952, ECF No. 9 (dismissing for failure to prosecute); *Stevens v. Vitale*, Case No. 18-1387, ECF No. 15 (dismissing for failure to state a claim); *Stevens v. Middlesex Cnty. Off. of the Pub. Def.*, Case No. 16-9090, ECF No. 2 (dismissing with prejudice for failure to state a claim); *Stevens v. Jones*, Case No. 16-8694, ECF No. 71 (dismissing with prejudice for failure to state a claim); *Stevens v. Way*, Case No. 15-7261, ECF Nos. 6, 14 (dismissing for failure to state a claim and denied reconsideration).

[3] Defendants are listed as Hamilton Municipal Court Clerk's Office (ECF No. 1 at 8); Judge Louis Sanciaito (*Id.* at 9); Judge Shelia Ellington (*Id.* at 10); Municipal Prosecutor John Mustakas (*Id.* at 10; ECF No. 6-1 at 1); the Hamilton Township Police Department (ECF No. 1 at 11); Clerk Melissa Hutchinson (*Id.* at 12); and Hamilton Township (*Id.* at 13). Plaintiff also includes numerous members of the Hamilton Police Department as Defendants (*Id.* at 11.)

301, UCC 1-103, UCC 1-103.6." (*Id.* at 12.) The substance of the handwritten Motion is also hard to discern. Plaintiff appears to argue that the Hamilton Municipal Court has violated his constitutional and civil rights thus mandating removal to federal court. (*See id.* at 3.)

## II. Discussion

### A. REMOVAL UNDER SECTION 1455

Section 1455(b)(1) "prescribes the procedure for a state criminal defendant to remove a state criminal prosecution to federal court, but does not itself provide grounds for removal." *Commonwealth of Pennsylvania v. Holloway*, No. 24-2209, 2024 WL 5103009, at *1 (3d Cir. Dec. 13, 2024). A state court criminal defendant must file a notice of removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1455(a). The notice must be filed "not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier." § 1455(b)(1). A district court can, however, for good cause, grant leave to file the notice of removal at a later time. *Id.* If it is clear "removal should not be permitted, the court shall make an order for summary remand." § 1455(b)(4).

Here, Plaintiff seeks to remove a number of cases tried and apparently concluded before state court municipal judges. He quarrels with the computation of jail credits, which is an issue to be brought before the state judiciary, not here. In light of the fact that the state court matters have long concluded, it appears there is nothing to remove.

Regardless, the Court will proceed and consider the propriety of the removal on other grounds. As an initial matter, Stevens's efforts to remove his state court criminal cases are procedurally improper. Stevens's Motion to Remove fails to include any of the required materials under §1455(a) including "cop[ies] of all process, pleadings, and orders served upon such defendants or defendants in such action." (*See* ECF No. 4.). Stevens mentions three Hamilton

3

Municipal Court cases with trials purporting to have occurred in August and November 2023. (*See* ECF No. 4-2 at 1–2.) Although Stevens does not provide arraignment dates, he alleges trial dates from more than a year ago, demonstrating that he did not timely file his Motion to Remove within "30 days after the arraignment in the State court" or even before trial.

Moreover, even if Stevens's Motion was procedurally proper, the substantive grounds are still not met. Sections 1442, 1442a, and 1443 provide "limited circumstances in which a criminal state court prosecution can be removed to federal court." *Pennsylvania v. Smith*, No. 24-1499, 2024 WL 3594362, at *1 (3d Cir. July 31, 2024). Immediately, §§ 1442, 1442, 1443(2) can be ruled out as Defendant is not alleged to be a federal or state officer, public employee, or a member of the armed forces. *See id.*

Therefore, only the "narrow" removal under 28 U.S.C. § 1443(1) remains. *See id.* "For this provision to apply, a state court defendant must demonstrate both (1) that he is being deprived of rights guaranteed by a federal law providing for equal civil rights; and (2) that he is denied or cannot enforce that right in the courts' of the state." *Delaware v. Desmond*, 792 F. App'x 241, 242 (3d Cir. 2020) (citing *Davis v. Glanton*, 107 F.3d 1044, 1047 (3d Cir. 1997)) (cleaned up). "Under the first requirement, the defendant must allege a deprivation of rights guaranteed by a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Id.* (citation omitted). "Under the second requirement, removal is available where the defendant's federal civil rights would 'inevitably be denied by the very act of being brought to trial in state court.'" *Id.* (citation omitted).

As the matters Stevens attempts to remove have long concluded, the Motion is untimely and must be dismissed. Stevens claims that "this matter needs to be removed . . . [because] [his] civil and constitutional rights [are] [being] substantially deprived" is unavailing. (ECF No. 4-2 at 11.) He alleges that the Hamilton Municipal Court "has a standard policy, practice & custom of

denying, abridging and abrogating to [him] and others due process of law and the equal protection of the laws of the United States." (*Id.* at 2.) These generalized allegations appear to largely relate to his purported denial of "computation credits of good time, worktime per [N.J.S.A] 2A:162-24" and sentencing of "3 consecutive 6 month[] [terms]." (*Id.*)

While Plaintiff mentions due process and equal protection concerns generally, he fails to articulate any deprivations of rights based on race as required to satisfy the first element of § 1443(1). *See New Jersey v. DiPietro*, No. 23-5258, 2024 WL 4164225, at *3 (D.N.J. Sept. 12, 2024) ("Plaintiff did not assert that any of his rights were denied on account of his race in any of the pleadings he provided to this Court, and thus cannot satisfy the first element required for removal pursuant to 28 U.S.C. § 1443(1)"). Even if those general allegations satisfied the first requirement of the criminal removal statute, he still cannot meet the second element: that he would be denied or cannot enforce his rights in state court. To demonstrate that one's rights have been denied, they must point to "a formal expression of state law such as a state legislative or constitutional provision, rather than a denial first made manifest in the trial of the case." *Bayview Loan Servicing LLC v. Farzan*, 720 F. App'x 678, 679 (3d Cir. 2018) (internal quotations and citation omitted).

The only state law that Stevens cites is N.J.S.A. § 2A:164-24, which provides that those in charge of the discharge of prisoners for a given county "may, upon the recommendation of the sheriff or jail warden" remit for good conduct from the sentence "a term not exceeding 1 day for every 6 days of such sentence." It also provides that if a criminal defendant was "again convicted and sentenced to imprisonment . . . he may, in addition to such new sentence, be required at the discretion of the court to serve out the number of days remitted to him on the previous term." § 2A:164-24. This law essentially provides that certain sentences can be commuted for good

behavior, but that if a criminal defendant were to be sentenced to imprisonment again, the commuted sentence could be reimposed. *See* N.J.S.A. § 30:4-123.51 (indicating § 2A:164-24 allows for "commutation time for good behavior").

Plaintiff has not articulated how this law—which allows for discretionary commuted sentences in certain circumstances—precludes the protection of his equal rights guaranteed by the United States Constitution. Instead, it appears he is attempting to allege that certain officials of the Hamilton Municipal Court did not apply this law, depriving him of "computation credits of good time." (ECF No. 4-2 at 11.) Even "allegation[s] of illegal or corrupt acts of individual state officials that might be corrected by the state judiciary, or the mere possibility of an unfair trial in state court, will not justify removal to the federal court under § 1443(1)." *Pennsylvania v. Brown-Bey*, 637 F. App'x 686, 688 (3d Cir. 2016) (citing *City of Greenwood v. Peacock*, 384 U.S. 808, 829–30 (1966)).

Therefore, Stevens "has not identified any New Jersey law that would preclude him from vindicating his federal rights or otherwise shown that the New Jersey courts could not enforce those rights." *Bayview Loan Servicing LLC*, 720 F. App'x at 679. Therefore, the Motion to Remove the State Court Criminal Proceeding must be **DENIED** on procedural and substantive grounds. While it is not entirely clear which criminal prosecutions Stevens attempts to remove, for the avoidance of any doubt, all attempted removed criminal prosecutions pursuant to the Motion (ECF No. 4) shall be **REMANDED**.

    B.    THREE-STRIKE PROVISION UNDER § 1915(G)

The Court will also review whether § 1915(g)'s "three-strike" provision bars this action *in toto* and all other pending *in forma pauperis* actions brought by Stevens. Section 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Under the statute, "a prisoner is prohibited from proceeding IFP if, on three or more prior occasions while incarcerated, he has had a lawsuit 'dismissed' for being 'frivolous, malicious, or fail[ing] to state a claim.'" *Talley v. Pillai*, 116 F.4th 200, 205 (3d Cir. 2024) (quoting § 1915(g)).[4] There is one exception to this rule if plaintiff is "under imminent danger of serious physical injury." *Id.* (quoting § 1915(g)).

To qualify as a strike, there must be a dismissal of "the entire action or appeal." *Id.* (citation omitted). A complaint that has some claims dismissed for strike-qualifying grounds and other claims dismissed for other reasons, does not count as a strike. *Id.* "But when a court dismisses a claim using two equally sufficient rationales, one of which is strike-qualifying, that claim has been dismissed on a strike-qualifying ground and its dismissal counts toward a strike." *Talley*, 116 F.4th at 210. Dismissal with leave to amend the complaint also does not count as a strike, unless the plaintiff failed to amend his complaint and the "court had issued a formal order closing the case." *Id.* at 208–09. Further, while "the three-strikes provision does not include habeas claims," habeas claims dismissed as improperly included in a prison civil action do not count as "mixed" and thus do not foreclose the action from counting as a strike. *See Garrett v. Murphy*, 17 F.4th 419, 431–32 (3d Cir. 2021).

---

[4] A plaintiff who has "struck out" can still bring a case by prepaying the filing fee. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 317 (3d Cir. 2001) ("Section 1915(g) does not prevent a prisoner with 'three strikes' from filing a civil action; he or she is simply unable to enjoy the benefits of proceeding I.F.P. and must pay the fees at the time of filing instead of under the installment plan.")

As noted above, Stevens has filed twelve (12) cases in the District of New Jersey since 2015. *See supra* n.2. The Court finds the following four (4) cases qualify as strikes under § 1915(g)'s three-strike provision:

1. *Stevens v. Way*, Case No. 15-7261: On May 24, 2016, Stevens's complaint was dismissed for failure to state a claim but was granted leave to file an Amended Complain within 30 days. *Stevens v. Stewart*, No. 15-7261, 2016 WL 3002374, at *1 (D.N.J. May 24, 2016). While a complaint that was dismissed for failure to state a claim with leave to amend ordinarily does not count as a strike, the court, many years later, ultimately denied Stevens's Motion For Reconsideration of the May 2016 dismissal. *Stevens v. Way*, No. 15-7261, 2024 WL 4345286, at *4 (D.N.J. Sept. 30, 2024). As part of the order denying the motion, the court ordered that "the clerk shall . . . close this case." *Stevens v. Way*, No. 15-7261, ECF No. 14 (D.N.J. September 30, 2024). Therefore, because the Court ultimately closed the case following a dismissal for failure to state a claim, this case counts a strike for the purposes of § 1915(g).

2. *Stevens v. Jones*, Case No. 16-8694: Here, Stevens's complaint was dismissed with prejudice and without leave to amend as "Plaintiff has not stated a claim." *Stevens v. Jones*, No. 16-8694, 2019 WL 3453272, at *4–5 (D.N.J. July 31, 2019). The court later denied Plaintiff's request to reopen open the case and determined that it shall stay closed. *Stevens v. Jones*, No. 16-8694, 2024 WL 4712482, at *2 (D.N.J. Nov. 7, 2024). This counts as a strike.

3. *Stevens v. Middlesex Cnty Off. of the Pub. Def.*, Case No. 16-9090: Here, Stevens "assert[ed] claims against his public defenders in an ongoing state criminal proceedings." *Stevens v. Middlesex Cnty Off. of the Pub. Def.*, Case No. 16-9090, ECF No. 2 (D.N.J. December 21, 2016). That court dismissed the case because "the Complaint fails to state a claim upon which relief may be granted." *Id.* at 2. The court was also explicit that the Complaint "count[s] as a 'strike' for the purposes of the 'three strike' rule under 28 U.S.C. § 1915(g)." *Id.*

4. *Stevens v. Moglia*, Case No. 18-11622: There, the Court "[o]rdered that Plaintiff's Complaint [was] dismissed for failure to state a claim upon which relief can be granted." *Stevens v. Moglia*, Case No. 18-11622, ECF No. 3 (D.N.J. August, 9, 2018). That court declined to grant leave to amend, so this dismissal also counts as a strike.

Because the Court has determined that Stevens has struck out, we turn to whether Stevens has shown that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "Someone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'" *Abdul-Akbar*, 239 F.3d at 313 (citation omitted). "[I]ncarceration alone does not satisfy the requirement of 'imminent

danger of serious physical injury' for purposes of § 1915(g)." *Parker v. Montgomery Cnty. Corr. Facility/Bus. Off. Manager*, 870 F.3d 144, 154 n.12 (3d Cir. 2017).

Plaintiff fails to allege that he is in "imminent danger of serious physical injury." The Complaint purports to amount to Stevens's displeasure with past actions of state court officials, including judges, police officers, and court employees. He appears to be primarily concerned with computation of his jail credits, which he believes was wrongfully withheld. (*See* ECF No. 1 at 40.) The allegations in the Complaint have nothing to do with serious physical injury—imminent or not. *See e.g., Smart v. Cnty. of Burlington Bd. of Chosen Freeholders*, No. 22-1875, 2022 WL 1500951, at *2 (D.N.J. May 11, 2022) ("[T]here are no facts suggesting he is in danger of physical injury, let alone imminent danger of serious physical injury.")

Accordingly, **IT IS** on this 13th day of January, 2025,

    **ORDERED** that Plaintiff's Motion to Remove (ECF No. 4) is **DENIED**; and it is further

    **ORDERED** that Plaintiff's Complaint, (ECF No. 1), is **DISMISSED**; and it is further

    **ORDERED** that Plaintiff's application to proceed *in forma pauperis*, ECF No. 1-2, is **DENIED as Moot**; and it is further

    **ORDERED** that Plaintiff's Motion to Add Defendants (ECF No. 6), is **DENIED as Moot**; and it is further

    **ORDERED** that the Clerk shall administratively **CLOSE** this case; and it is further

    **ORDERED** that pursuant to the three-strike provision of § 1915(g), Plaintiff is barred from proceeding *in forma pauperis* without a showing he is under imminent danger of serious physical injury; and it is further

    **ORDERED** that all future filing fees become payable in full upfront, *see Bruce v. Samuels*, 577 U.S. 82, 86 (2016); and it is further

9

**ORDERED** that Plaintiff may have the above-entitled case reopened, if, within forty-five (45) days of the date of the entry of this Order, Plaintiff may proceed with this case only by prepaying the $405 filing fee to the Clerk of Court; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order on Plaintiff by regular U.S. mail.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**